The Commonwealth of Pennsylvania ex rel. George Stewart v. Samuel Stewart. Appeal of Sarah Leisser, Administratrix.

*Lunacy—Accounting by committee—Laches.*

Where the administrator of a deceased committee of a lunatic died eleven years after his appointment without any demand ever having been made upon him to file an account, and no demand is made upon his legal representatives after his death, an administrator d. b. n. of the deceased committee, appointed fourteen years after the death of the lunatic, and who is unable to obtain any knowledge of the affairs of said committee, will not be required to account for the lunatic's estate.

Argued Oct. 29, 1897. Appeal, No. 59, Oct. T., 1897, by Sarah Leisser, administratrix, from decree of C. P. No. 1, Allegheny Co., June T., 1861, No. 11, dismissing petition for an accounting. Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition by Sarah Leisser, administratrix of Samuel Stewart, deceased, to compel Smith H. Shannon, administrator d. b. n. of Thomas Verner, deceased, to file an account.

The facts appear by the opinion of STOWE, P. J., which was as follows :

We think the application for an account comes too late.

Thomas Verner was appointed committee of Samuel Stewart a lunatic, on June 15, 1861, and received as such some $6,000 belonging to the lunatic. The latter died June 28, 1882; Verner, his committee, died August 22, 1883, never having filed an account of any of the property of said lunatic which had come to his hands. After his death, his son, Melchoir Verner, was appointed administrator of his estate, and died in 1894, leaving his widow, Matilda C. Verner, executrix of his will, who died in July, 1896, leaving no issue. Smith H. Shannon, administrator d. b. n., of the estate of Thomas Verner, deceased, was appointed by the register of Allegheny county, upon the petition of Sarah Leisser, administratrix of the estate of Samuel Stewart, deceased, October 10, 1896, who upon this applica-

tion answers that he has no knowledge whatever respecting the material allegations set out in the petition except that no account was ever filed by Thomas Verner, and that he died intestate about August 22, 1883; that Thomas Verner left to survive him one son and no other relations, said son being Melchoir Verner who resided in or near Pittsburg until 1894, when he died, leaving no children or other relations except his wife to survive him, who resided in Pittsburg until July, 1896, when she died, and that he has been unable to ascertain that any one living has any personal knowledge of the personal or business affairs of said Thomas Verner, and that he has been unable to obtain any material information pertaining to said business, and that he believes said estate was settled or supposed to be settled many years ago by said administrator, Melchoir Verner.

It is clear that the statute of limitations does not operate as a bar to this application, but we think that the principles indicated in Gress's Appeal, 14 Pa. 463, should be applied in this case, and the petition dismissed.

*Error assigned* was decree of the court dismissing petition.

*Wm. L. Monro*, for appellant, cited Bispham's Equity, sec. 551; Vincent v. Watson, 40 Pa. 306; Frankenfield's App., 11 W. N. C. 373; York's App., 110 Pa. 69; Kane v. Bloodgood, 7 Johns. Chan. 90; App v. Dreisbach, 2 Rawle, 302; Dillebaugh's Est., 4 Watts, 177; Pulliam v. Pulliam, 10 Fed. Rep. 23; Bloxham v. Hooker's Exrs., 19 Fla. 163; Brittlebank v. Goodwin, L. R. 5 Eq. 545; Riner v. Riner, 166 Pa. 617; 2 Story's Eq. Jur., sec. 1520; Marsteller v. Marsteller, 93 Pa. 360; Obee v. Bishop, 1 De Gex, Fisher & Jones, 137.

*William Scott*, with him *John Dalzell* and *George B. Gordon*, for appellee, was not heard, but cited in his printed brief, Lewin on Trusts, *871; Gress's App., 14 Pa. 463; Story's Eq. Jurisprudence, sec. 1520; Maulfair's App., 110 Pa. 402; Fidelity Co.'s App., 115 Pa. 157; Engel's Est., 180 Pa. 215.

PER CURIAM, November 8, 1897:

On the petition of the appellant, Sarah Leisser, administratrix of Samuel Stewart, deceased, a rule was granted on Smith Shan-

non, Esq., administrator de bonis non, etc., of Thomas Verner, deceased, late committee of said Samuel Stewart, a lunatic, to show cause why he should not file an account of said committee. The discharge of the rule and dismissal of appellant's petition are the subjects of complaint in this appeal.

We find no error in the record. The decree is affirmed on the opinion of the learned president of the common pleas, and the appeal is dismissed at appellant's costs.